USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 8 31 10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ALVIN PETERSON, | : | AFFIDAVIT IN SUPPORT OF |
| Plaintiff, | : | PLAINTIFF'S RESPONSE IN |
| | : | OPPOSITION TO DEFENDANT'S |
| v. | : | MOTION TO DISMISS |
| | : | PURSUANT TO FED. R. CIV. |
| MEJIA, et al., | : | P. 41(b) and 37(b)(2) |
| Defendant's, | : | |
| | | #10-cv-1691 (SAS) |

PRO SE OFFICE

STATE OF NEW YORK)
COUNTY OF  SENECA)ss:

I, Alvin Peterson, being duly sworn, deposes and says:

I am the plaintiff in the above entitled cause and am familiar with the facts of this case, except as to those matters based upon information and belief.

Plaintiff hereby submit his response in opposition to the defendant's motion to dismiss pursuant to Fed. R. Civ. P. 41(b) and 37(b)(2). Defendant's motion is notwithstanding and should be denied in it's entirety, as defendant's has attempted to mislead this court in asserting that plaintiff willfully failed/refused to sign the CPL 160.50 release needed for defendant's to access their own documents. (See defendants motion p.5 at 1-2, p.7 at 19, and failed to prosecute this action and comply with this courts order.

### PROCEDURAL HISTORY

Plaintiff filed this action in January 2010 while he was detained on Rikers Island on an unrelated case. On April 14, 2010 plaintiff was released back to parole supervision, and just prior to being released plaintiff placed in the mail depository at Rikers, his change of address to the court. (Rikers Island mailroom officials never forwarded any mail, etc., to plaintiff at his home address, despite the fact that his address

is very well documented there).

However, sometime in May 2010, plaintiff personally went to the S.D.N.Y., U.S. Marshals Office and provided the marshals with the Summons, Complaint and USM-285 forms for process of service upon the defendant's in this case under dkt. #10-cv-1691(SAS) and provided the marshals with his home address on the USM-285 forms.

That same day, plaintiff stopped at the Pro Se Office to inform them that he never received any of the documents they refered to in their letter pertaining  to his case under dkt. #10-cv-1692. The pro se clerk then provided plaintiff with the Summons, Complaint, Forma Pauperis forms and USM-285 forms for service upon the defendants in that case.

Unfortunately, on June 9, 2010 plaintiff was arrested  and later admitted to Belleuve Hospital for observation and testing of his heart condition. Plaintiff was released from the hospital on June 14, 2010, and taken before the court at which time he was sentenced to time served, but held in custody due to a parole hold. Plaintiff was detained on Rikers Island from June 14, 2010 until July 2, 2010.

On or about June 18, 2010 plaintiff forwarded to this court his change of address informing  that he was at Rikers Island. Shortly thereafter, plaintiff received a copy of defendants  June 16, 2010 letter to the court stating that they had forwarded plaintiff their CPL 160.50 release form on or about May 19, 2010, but the CPL 160.50 release was returned to defendants as undeliverable, because plaintiff had been released.*

---

*This is the first time plaintiff became aware that Corporation Counsel was representing the named defendants, and the first time plaintiff became aware of the CPL 160.50 release form. Nonetheless, plaintiff never received this set of release forms. (See defendants June 16, 2010 letter to the court).

Defendant's further informed the court that they had just learned that plaintiff was back in custody and would forward him another set of the CPL 160.50 release forms and requested that the court grant them an extension of time within which to file an answer to the civil complaint.

Sometime during the mid-week of June 21, 2010, plaintiff received defendant's CPL 160.50 release forms, however, during that same week plaintiff was in the process of preparing for his parole revocation hearing that was scheduled for June 24, 2010, but for unexplanable reasons said hearing did not take place until June 25, 2010, at which time plaintiff was sentenced to 7-months for violating the conditions of his parole.

On July 2, 2010 plaintiff was transfered from Rikers into the custody of the NYS Dept. of Correctional Services, Downstate Corr. Fac., Reception, and on or about July 5, 2010 plaintiff forwarded to the pro se office and counsel for the defendant's, his notice of change of address, plaintiff further requested counsel to provide him with another CPL 160.50 release form etc., because corrections officials lost all of his legal material. (See defendant's Exhibit-A).

On July 19, 2010 plaintiff received defendant's motion to dismiss. By letter dated July 20, 2010 to the court plaintiff requested an extension of time until August 26, 2010 within which to file a response. On July 27, 2010, the court granted plaintiff an extension until August 26, 2010, and ordered that defendant's reply is due on September 9, 2010.

By letter dated July 27, 2010 to the court defendants requested that the pre trial conference scheduled for August 12, 2010 be adjourned until a date and time convient to the court after defendant's motion to dismiss has been decided. By order dated July 28, 2010 the court granted defendant's request and adjourned the August 12, 2010 pre-trial conference.

However, viewing the reading in defendant's July 27, 2010 letter for adjournment wherein defendant's stated "to date, plaintiff has failed to provide the necessary release." Plaintiff believed that defendant's would still accept the CPL 160.50 release, and as such, plaintiff prepared a CPL 160.50 release dated August 2, 2010, (Exhibit-A) from the Criminal Procedure Law, had it notarized on August 3, 2010 and forwarded same to the defendant's a copy of which was forwarded to Judge Scheindlin, thereby rendering defendant's motion to dismiss as moot.

Plaintiff never received this courts order which defendant's refer to in their motion to dismiss, and as of this date Rikers Island mailroom officials have not forwarded any mail legal or otherwise to plaintiff although they know where he has been transfered to.

ARGUMENT

POINT I

PLAINTIFF DID NOT FAIL
TO PROSECUTE  HIS CASE

Defendant's motion should be denied in it's entirety, defendant's erroneously claim that plaintiff possessed the CPL 160.50 release form nearly 50-days and did not return them p.4 at 16, defendants argument must

fail as it is misleading to the court, what defendant's have done, was, file their motion due to plaintiff's unfortunate circumstances.

Upon information and belief, to the best of plaintiff's recollection, in defendants June 16, 2010 letter to the court, defendant's openly admits that on or about May 19, 2010 they forwarded to plaintiff their request for release of documents sealed pursuant to CPL 160.50, but said documents were returned as undeliverable because plaintiff had been released from custody on April 14, 2010. (Plaintiff requests the court to review defendants June 16, 2010 letter).

Plaintiff never received the release forms forwarded to him on or about May 19, 2010 and should not be held accountable for the time he did not receive and/or possess the CPL 160.50 release forms from May 19, 2010, until sometime during the mid-week of June 21, 2010. Yet, in an attempt to mislead this court, defendants assert that plaintiff possessed the CPL 160.50 forms in May 2010, when clearly, he did not., p.4 at 16.

Upon information and belief, to the best of plaintiffs recollection, he did not receive the CPL 160.50 release forms until sometime during the mid-week of June 21, 2010, which defendants admit wasn't forwarded to him until June 18, 2010, p.4 at 14. It was a misrepresentation to this court for defendants to claim that plaintiff possessed the release for nearly 50-days. Plaintiff only had the forms for a little over a week, if that long, when corrections officials lost all of his legal material on July 2, 2010.

Further, plaintiff never received this courts June 17, 2010 order which defendants refer to in their motion to dismiss.** Plaintiff never requested an extension of time until his July 5, 2010 letter to the court informing of his change of address, wherein he further informed the court that his property had been lost by corrections officials, and that he wrote to counsel Michael Cardozo requesting to be provided with copies of the CPL 160.50 release forms, which is evidenced by defendants exhibit-A. (defendants exhibit-A demonstrates plaintiffs eager pursuit of his case, and his willingness to sign the CPL 160.50 release forms).

Rule 41(b) allows a defendant to move for dismissal of an action or claim "for failure of the plaintiff to prosecute or to comply with these rules or with any order of the court." It is well established that "dismissal of a complaint is discretionary for a trial judge" and that it is "an important tool for preventing undue delays and avoiding docket congestion." United States ex rel. Drake v. Norden Systems, Inc., 375 F.3d 248-254 (2d Cir. 2004). Nonetheless, "dismissal for failure to prosecute is a harsh remedy to be utilized only in extreme situations." Id. at 254.

The Second Circuit has laid out five factors to be considered in determining whether dismissal is appropriate (1)the length of the delay caused by plaintiff's failure to prosecute; (2)whether plaintiff was given notice that delay could result in dismissal; (3)the degree of prejudice that would be suffered by defendants because of further delay; (4) the

---

**In support of this claim, plaintiff has forwarded to the City of New York Dept. of Corrections a Freedom of Information Law Request for copies of the mail sheet an inmate is required to sign, to show that he never received this courts June 17, 2010 order (See Exhibit-B). As of this date 8-20-10, the Dept. of Corrections have not responded to this request.

balance between plaintiff's right to a day in court and the need to alleviate calendar congestion; and (5)the efficacy of lesser sanctions.

Here, the first three factors weigh heavily in plaintiff's favor; (1)the delay was minimal and was not willful or intentional; (2)plaintiff never received this courts June 17, 2010 order which defendant's refer to; and (3)defendants will not be prejudiced by the delay, which they have contributed to in the filing of their motion to dismiss, had defendant's acted in good-faith upon receipt of plaintiff's July 5, 2010 letter (defendants exhibit-A) and forwarded him the release form as plaintiff requested, instead moving to dismiss, plaintiff could have already had the CPL 160.50 release form signed, notarized and forwarded back to defendants by now. Nevertheless, on or about August 4, 2010 plaintiff forwarded to defendants a notarized CPL 160.50 release. (Exhibit-A).

A Court may dismiss an action when the delay or omission are repeated or of long duration. Conduct resulting in a relatively short period of delay may still warrant dismissal when it is part of a deliberate pattern of intrasigence. Pearl v. City of New York (2d. Cir. 1993) 992 F.2d.458-463; Lyell Theatre Corp, 682 F.2d. 46-50; Nite v. Connecticut Dept. of Envtl. Protection (2d Cir. 1994) 16 F.3d 482-487; Minnette v. Time Warner-Inc. (2d. Cir. 1993) 997 F.2d. 1023-1027.

Plaintiff's delay was relatively short and were not deliberate, plaintiff has setforth legitimate  reasons for his delay, and all of his

actions show that he maintained a continuing interest in prosecuting his case. (See defendant's Exhibit-A) and (Plaintiff's Exhibit-A).

POINT - II

### PLAINTIFF DID NOT FAIL
### TO COMPLY TO COURT ORDER

Defendant's continue to mislead this court in asserting that plaintiff failed to obey this court's June 17, 2010 order, by not executing the CPL 160.50 release by June 24, 2010 asserting that "plaintiff failed to comply despite being sent the necessary release nearly two months ago." p.7 at 14-16. Again, plaintiff never received the May 19, 2010 release forms, as defendant's openly admit in their June 16, 2010 letter to the court.

Contrary to defendants assertion, plaintiff never received this court's June 17, 2010 order and was unaware of the existence of any court orders and/or deadline of June 24, 2010. Defendants having full knowledge that their May 19, 2010 release forms were never received by plaintiff, as they were returned to them, nonetheless calculates the time plaintiff was in possession of the forms from May 2010, when in truth, and fact, plaintiff did not receive the forms until the mid-week of June 21, 2010, which defendants again admit wasn't forwarded to the plaintiff until June 18, 2010, at which time corrections officials lost all of his legal materials. In an effort to locate his property, plaintiff contacted the Prisoner Rights Project for their assistance in locating his property. (See Exhibit-C). As of this date plaintiff still has not received his property and/or received any information regarding his property.

Pursuant to Rule 37, "if a party fails to obey an order to provide or permit discovery the court in which the action is pending may make such orders in regard to the failure as are just." Fed. R. Civ. P. 37 (b)(2) Rule 37 sanctions are intended to ensure that a party does not benefit from it's failure to comply with discovery. It is well settled that the court has broad discretion to determine the type of sanctions to impose upon a party, based on all the facts of the case. The rule authories a wide variety of sanctions, including declaring certain facts as established and preventing the offending party from introducing evidence on particular topics. Fed. R. Civ. P. 37(b)(2)(B). The factors relevant to determining whether a party should be sanctioned under Rule 37 are (1)the willfulness of the non-complaint party or the reason for the noncompliance; (2)the efficacy of lesser sanctions; (3)the duration of the period of noncompliance, and (4)whether the non-compliant party had been warned of the consequences of his non-compliance. Nieves v. - City of New York, 208 F.R.D. 531-535 (S.D.N.Y. 2002)(citing Bambu Sales,- Inc. v. Ozak Trading Inc., 58 F.3d. 849 (2d Cir. 1995).

In the instant case, all four factors weigh heavily in plaintiff's favor. (1)plaintiff did not willfully disobey this courts order, as he never received the courts order, and should not be held accountable for not obeying an order he never received. Notably, defendant's by their very own admission, stated that plaintiff was not specifically warned by

the court that his case would be dismissed for failure to abide by the courts order, see; p.8 at 2. (2)for reasons stated herein lesser sanctions are not warranted. (3)the period of plaintiffs noncompliance was very short, and there exist legitimate reasons for his noncompliance. and (4)plaintiff was never warned of the consequences for noncompliance, because he never received the courts order which defendants refer to.

Furthermore, the dismissal of a plaintiff's complaint is the harhest sanction available and can only be used where there has been some "willfulness, bad-faith, or fault" by the plaintiff. DeLeon v. Chandler-Evans Control Sys, Div., et al., 14 Fed. Appx. 95, 2001 WL792574 at 1,- (2d Cir. July 11, 2001)(quoting National Hockey League v. Metro Hockey - Club, Inc. 427 U.S. 639-640, 96 S.Ct. 2778, 49 L.Ed. 2d. 747 (1976).

POINT - III

### PLAINTIFF'S PRO SE STATUS
SHOULD      BE      CONSIDERED

Federal Rules of Civil Procedure 41(b) provides that, "For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action." Dismissal with prejudice is a harsh remedy "to be utilized only in extreme situations" of contumacious conduct or inexcusable neglect. Lyell Theatre Corp. v. - Loews Corp. (2d Cir. 1982) 682 F.2d 37-42. Courts must particulary take care not to dismiss a pro se complaint too hastily. Schilling v. Walworth County Park & Planning Comm'n. (7th Cir. 1986) 805 F.2d. 272-277 ("The need

for the district court to exercise discretion in deciding among alternative sanctions was especially great in this case, given plaintiff's pro se status.

It is clear that defendant's presented their motion to dismiss due to the unfortunate circumstances plaintiff was faced with and his pro se status. Defendant's knew perfectly well that plaintiff did not possess the CPL 160.50 release forms in May 2010, as they contended, but nonetheless asserted such a claim in effort to mislead this court.

Again, as stated in Point-I supra p.8 at 3, plaintiff interperted the reading of defendant's July 27, 2010 letter to the court, that they would still accept the CPL 160.50 release form from plaintiff although their motion to dismiss was pending. As such, on or about August 4, 2010 plaintiff forwarded a notarized CPL 160.50 release form to defendant's that he prepared from the Criminal Procedure Law. Plaintiff further expressed to defendant's in his August 2, 2010 letter to the 160.50 release, "that he was in hopes that the CPL 160.50 release is sufficient, if not, I again ask that you forward me the proper forms." (See letter to Ryan Schaffer, exhibit-A). As of this date (8-20-10) defendant's have not responded as to whether the CPL 160.50 plaintiff provided was sufficient or not.

Plaintiff has acted in good-faith in the preparation and prosecution of this case, and do not have the resources and assistance in litigating this case as corporation counsel does, in light of his pro se status.

While it is unfortunate that this delay has occured, plaintiff submit that it was not intentional nor willful, as plaintiff himself need copies of the very records defendant's are requesting.

The Second Circuit have also explained that district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a pro se litigant. Minnette v. Time Warner, 997 - F.2d. 1023-1027 (2d. Cir. 1993).

Therefore, defendants motion to dismiss should be denied in it's entirety, and should the court find that the CPL 160.50 release plaintiff forwarded to defendant's is insufficient, plaintiff request that the court issue an order directing defendants to forward plaintiff the proper CPL 160.50 release form, by a date certain to be set by the court.

<u>CONCLUSION</u>

WHEREFORE, for the foregoing reasons, defendant's motion to dismiss should be denied in it's entirety, in the true interest of justice.

Dated: Romulus, New York
       August 20, 2010

Respectfully submitted,

*Alvin Peterson*

Alvin Peterson #01-A-1554
Five Points Corr. Fac.
State Route 96, P.O. Box 119
Romulus, NY 14541

Sworn to before me

this _____ day of August 2010.

_____
           Notary

ANTHONY REISH, JR.
Notary Public, State of New York
Ontario Co. Reg. 01RE6216973
Commission Expires 2/1/2014

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
COUNTY OF SENECA )ss:

    I, Alvin Peterson, being duly sworn, deposes and says:

    That I have placed a true and correct copy of the foregoing Affidavit In Support of Plaintiff's Response In Opposition To Defendant's Motion To Dismiss Pursuant to Fed. R. Civ. P. 41(b) and 37(b)(2) in the Mail Depository located at Five Points Corr. Fac., State Route 96, P.O. Box 119, Romulus, NY 14541, this 22ND day of August 2010, to be mailed via U.S. Postal Service, First Class Postage, to the following parties.

Clerk of Court
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Ryan G. Schaffer, Esq.
The City of New York
Law Department
100 Church Street
New York, NY 10007

Dated: Romulus, New York
      August 20, 2010

Respectfully submitted,

_Alvin Peters_
Alvin Peterson #01-A-1554
Five Points Corr. Fac.
State Route 96, P.O. Box 119
Romulus, NY 14541

Sworn to before me

this 22 day of August 2010.

_____
        Notary

ANTHONY REISH, JR.
Notary Public, State of New York
Ontario Co. Reg. 01RE6216973
Commission Expires 2/1/2014

SUPREME COURT STATE OF NEW YORK
COUNTY OF NEW YORK

The People of The State of New York, :

       -against-       :

Alvin Peterson,             :
          Defendant,    :

                      :

**AFFIDAVIT FOR RELEASE OF
DOCUMENTS UPON TERMINATION OF
CRIMINAL ACTION IN FAVOR OF
ACCUSED PURSUANT CPL 160.50(d)**

Docket # _____

STATE OF NEW YORK )
COUNTY OF DUTCHESS)ss:

    I, Alvin Peterson, being duly sworn deposes and says:

    1. I am the defendant in the above entitled cause and submit this affidavit for the release of documents upon termination of a criminal action in favor of the accused pursuant to CPL 160.50(d) and designate Mr. Ryan G. Schaffer, Esq., of Corporation Counsel City of New York, as my agent to receive said records, and any and all other records obtained by the City of New York Police Department, New York Criminal Courts, and any other agencies that may have records pertaining to the above docket number, of my arrest of July 15, 2008 and terminated in March 2009 or thereabouts. Transcripts of all proceedings, all Police Reports, Criminal Complaint, Motions filed People's Responses, and any and all other records and information regarding this case.

Dated: Fishkill, New York
      August 2, 2010

Sworn to before me this
**3rd** day of August 2010.

_Elizabeth A. Keeler_
      Notary

Respectfully submitted,

_Alvin Peterson_
Alvin Peterson #01-A-1554.
Downstate Corr. Fac.
Box F Red Schoolhouse Rd.
Fishkill, NY 12524-0445

ELIZABETH A. KEELER
Notary Public - State of New York
Dutchess County No. 4889336
My Comm. Expires 3-23-11

_Exhibit – A_



Ryan G. Schaffer, Esq.
The City of New York
Law Department
100 Church Street
New York, NY 10007

August 2, 2010

RE: CPL 160.50 Release Form, Alvin Peterson v. Mejia, #10-cv-1691 (SAS)

Dear Mr. Schaffer:

In view of the reading of your July 27, 2010 letter to the court it appears that you will still accept the CPL 160.50 release, despite your pending motion to dismiss.

As such, enclosed herewith is a CPL 160.50 release that I have prepared for the records you deem necessary from the criminal case that is the subject to the civil action in #10-cv-1691. You will have to include the docket number therein, as I do not have it.

I am in hopes that the enclosed CPL 160.50 is sufficient, if not, I again ask that you forward me the proper forms.

I respectfully request that you forward me copies of all records that you obtain, including the transcripts of all proceedings.

Thanking you in advance, your assistance will be greatly appreciated.

cc: File/AP

Hon. Shira A. Scheindlin, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Very truly yours,

Alvin Peterson #01-A-1554
Downstate Corr. Fac.
Box F Red Schoolhouse Rd.
Fishkill, NY 12524-0445

Exhibit - A



Records Access Officer
City of New York Dept. of Corr.
75-20 Astoria Blvd.
East Elmhurst, NY 11370

July 27, 2010

Dear Sir/Madam;

Enclosed herewith for processing is my Freedom of Information Law Request for copies of the Legal and regular mail sheet of mail received while detained at AMKC C-95 from June 16, 2010 to July 1, 2010.

I expect that you will comply with the time setforth for the production of said documents, to deter having to file in Supreme Court for an order to compel.

Thanking you in advance, your assistance will be greatly appreciated.

Cc: File/AP

Respectfully submitted,
Alvin Peterson #01A1554
Downstate Corr. Fac.
Box F  Red Schoolhouse Rd.
Fishkill, NY 12524-0445

Exhibit-B



Honorable Shira A. Scheindlin, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

August 2, 2010

RE: Peterson v. Mejia, et al., #10-cv-1691 (SAS)

Your Honor:

This letter is in regards to defendant's July 27, 2010 letter to your honor, requesting that the pre-trial conference scheduled for August 12, 2010 e adjourned until a date and time convient to the court after defendant's motion to dismiss has been decided.

Plaintiff has no objections to the court granting defendant's request for an extension. However, plaintiff do object to defendant's continued assertion that plaintiff has failed to provide the necessary release to date. Yet defendant's still haven't provided plaintiff with the CPL 160.50 release form for him to sign and have notarized and forward back to defendant's for them to obtain said records.

Nevertheless, it appears from defendant's letter that defendant's will accept a CPL 160.50 release from the plaintiff while their motion to dismiss is pending.

As such, plaintiff has prepared a CPL 160.50 release from the Criminal Procedure Law and has forwarded to defendant's a notarized CPL 160.50 release for any and all records the defendant's deems necessary to respond to the complaint. (copy enclosed).

Therefore, defendant's motion to dismiss pursuant to Fed. R. Civ. P. 41(b) and 37(b)(2) becomes moot at this point, and plaintiff respectfully request that the court denies defendant's motion to dismiss in it's entirety as moot.

Thanking you in advance, your assistance will be greatly appreciated.

cc: File/AP

Ryan G. Schaffer, Esq.
The City of New York
Law Department
100 Church Street
New York, NY 10007

Respectfully submitted,

Alvin Peterson #01-A-1554
Downstate Corr. Fac.
Box F Red Schoolhouse Rd.
Fishkill, NY 12524-0445

Exhibit - A

# <u>Freedom of Information Law Request</u>

To:    Record Access Officer

_City of New York Dept. of Corr._

_25-20 Astoria Blvd._

_East Elmhurst, NY 11370_

From: _Alvin Peterson_        No. _01A1554 / NYSID_ #_4611824R_

Downstate Correctional Facility

Box F

Red Schoolhouse Road

Fishkill, New York 12524-0445

RE:    Freedom of Information Law Request

Date: _July 27, 2010_

Dear Sir / Madam:

Under the provision of the New York Freedom of Information Law, Article 6 of the Public officers Law, I hereby request records or portions thereof pertaining to _All legal mail & regular mail pertaining to this requester from June 16, 2010 to present, while detained at AMKC CPRS, under B&C # 349-10-09798_

If there are any fees for copying the records requested, please inform me before filing the requested [or... please supply the records without informing me if the fees are not in excess of  $ _____ ].

As you know, the Freedom of Information Law requires that an agency respond to a request within five business days of the request. Therefore, I would appreciate a response as soon as possible and look forward to hearing from you shortly. If for any reason any portion of my request is denied, please inform me of the reason for denial in writing and provide the name and address of the body to whom an appeal should be directed.

Sworn to before me on this                                    Sincerely,

_27th_ day of _July_   20_10_ .

_Elizabeth A. Keeler_                              _Alvin Peterson_ # _01A1554_

Notary Public

**ELIZABETh A. KEELER**

**Notary Public - State of New York**

**Dutchess County No. 4889336**

**My Comm. Expires  3-23-11**

_Exhibit - B_


**THE LEGAL AID SOCIETY**

Prisoners' Rights Project
199 Water Street
New York, NY 10038
T (212) 577-3530
F (212) 509-8433
www.legal-aid.org

August 3, 2010

Mr. Alvin Peterson
01-A-1554
Downstate Correctional Facility
121 Red Schoolhouse Road
P.O. Box F
Fishkill, New York 12524

Blaine (Fin) V. Fogg
*President*

Steven Banks
*Attorney–in–Chief*

Adriene L. Holder
*Attorney–in–Charge*
Civil Practice

John Boston
*Project Director*
Prisoners' Rights Project

Dear Mr. Peterson:

I have received your letter requesting the help of this office to obtain the transfer of your inmate property from Rikers Island to the prison where you are currently located.

Enclosed please find and email that I have written on your behalf to New York City jail officials. Please let me know if you receive your money anytime soon. I have asked other attorneys in my office who handle state prison matters to contact NYS DOCS on your behalf.

Please let us know if you receive your property.

If you do not receive your property, I am enclosing information about how you can bring legal action to recover the money as compensation from the New York City Department of Correction.

Unfortunately, the Prisoners' Rights Project cannot represent you in any legal action for money damages which you may decide to take. Our office does not represent inmates in damage actions for money. The Prisoners' Rights Project is a small, test case unit that cannot represent the great majority of those who have claims of brutality, property loss, negligent injury or medical malpractice that occurred while you were in jail. If you wish to bring a lawsuit you will have to do so with a private attorney or by yourself, as your own attorney, "pro se."

I hope that this information is helpful.

Sincerely yours,

DALE A. WILKER
Staff Attorney

DAW:ds

*Exhibit – C*

**Wilker, Dale**

| | |
|---|---|
| **From:** | Wilker, Dale |
| **Sent:** | Tuesday, August 03, 2010 12:15 PM |
| **To:** | 'OPC Inquiries' |
| **Cc:** | 'lewis.finkelman@doc.nyc.gov'; 'florence.finkle@doc.nyc.gov'; 'nadene.pinnock@doc.nyc.gov'; capotler@boc.nyc.gov; karmstead@boc.nyc.gov; rtwolf@boc.nyc.gov; Tonya (BOC) Glover |
| **Subject:** | RE:  DELAYED PROPERTY TRANSFER TO ALVIN PETERSON AT DOWNSTATE C.F. PRISON |
| **Attachments:** | Picture (Metafile) |



Mr. Peterson contacted The Legal Aid Society about a delayed transfer of his inmate property from the City jails to New York State prison.

**ALVIN PETERSON**, 01-A-1554, was transferred to Downstate prison on July 2, 2010. He says that as of July 28th he had not received any of his jail property, including the following items:

1)  Legal materials and court litigation files

2)  a gold chain

3)  a Casio wristwatch

4)  address book

Mr. Peterson's NYCDOC B&C number was 349-10-09798.

Please confirm whether or not NYC DOC has transferred Mr. Peterson's property to NYS prison authorities and, if so, please identify the prison location and the person who accepted delivery of Mr. Peterson's property.

Thank you.

DALE A. WILKER

Staff Attorney
The Legal Aid Society
Civil Practice / Prisoners' Rights Project
199 Water Street, Room 6039
New York, New York 10038
tel: 212-577-3530 ext. 3943
fax: 212-509-8433

*Exhibit - C*

1