UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X

ALVIN PETERSON,

                Plaintiff,

      - against -

OFFICER JOHN MEJIA, NEW YORK
CITY POLICE DEPARTMENT and
THE CITY OF NEW YORK,

                Defendants.

------------------------------------------------------- X

**OPINION AND ORDER**

10 Civ. 1691 (SAS)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/1/10

SHIRA A. SCHEINDLIN, U.S.D.J.:

## I.   INTRODUCTION

Alvin Peterson, proceeding pro se, brings this action alleging that he was illegally arrested and detained by Police Officer John Mejia ("P.O. Mejia").[1] Before responding to the Complaint, defendants asked Peterson to execute a New York Criminal Procedure Law ("CPL") section 160.50 release,[2] which he was

---

[1] *See* Complaint at 3.

[2] A CPL § 160.50 release allows the City of New York to obtain access to sealed police records.

1

directed to do by June 24, 2010.[3] For one reason or another,[4] Peterson failed to meet the deadline, and defendants moved to dismiss the Complaint under Federal Rules of Civil Procedure 41(b) and 37(b)(2).[5] For the reasons stated below, defendants' motion is denied.

## II. BACKGROUND

On March 3, 2010, Peterson filed a pro se Complaint under section 1983 of Title 42 of the United States Code, alleging that he had been illegally arrested and charged by P.O. Mejia on July 15, 2008.[6] On June 16, 2010, defendants requested an extension to respond to Peterson's Complaint.[7] Apparently, Peterson failed to execute a section 160.50 release, without which defendants could not access certain confidential documents needed to respond to his Complaint.[8] On June 17, 2010, this Court granted defendants' request for an

---

[3] *See* 6/16/10 Memo Endorsed Letter from Assistant Corporation Counsel Richard G. Shaffer, defendants' counsel, to the Court ("6/16/10 Def. Let.").

[4] *See* Plaintiff's Response in Opposition to Defendants' Motion to Dismiss ("Pl. Opp.") at 3, 4.

[5] *See* Memorandum in Support of Motion to Dismiss Plaintiff's Complaint ("Def. Mem.") at 1.

[6] *See* Complaint at 3.

[7] *See* 6/16/10 Def. Let.

[8] *See id.* at 2.

extension and ordered "[p]laintiff [to] execute a §160.50 release by June 24, 2010, and [to] return a copy to defendants' counsel by that same date."[9] This Court added that "[n]o further extensions will be granted."[10]

Peterson failed to timely comply with this Court Order, and on July 15, 2010, defendants filed a motion to dismiss for failure to prosecute and for failure to comply with a court order.[11] In support of their motion to dismiss, defendants submitted a declaration,[12] which included a letter from Peterson dated July 5, 2010.[13] In this letter, Peterson indicated that he had not yet executed the release because all of his legal work pertaining to the case, including the section 160.50 release, had been lost during a prison transfer on July 2, 2010.[14]

On August 31, 2010, Peterson opposed defendants' motion to dismiss, setting forth a number of reasons for his failure to timely comply with the June 17,

---

[9] 6/16/10 Def. Let. at 1 (memo endorsement).

[10] *Id.*

[11] *See* Def. Mem. at 1.

[12] *See* Declaration of Ryan G. Shaffer in Support of Defendants' Motion to Dismiss ("Shaffer Decl.").

[13] *See* 7/5/10 Letter from Plaintiff to Defendants, Ex. A to Shaffer Decl.

[14] *See id.*

2010 Order.[15] Additionally, Peterson attached a letter he sent to defendants, dated August 2, 2010, indicating that he had enclosed a section 160.50 release executed to the best of his ability.[16]

## III. APPLICABLE LAW

### A. Rule 41(b)

Federal Rule of Civil Procedure 41(b) states, in relevant part, that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."[17] This rule "authorizes the district court to dismiss an action when a plaintiff fails to comply with any order of the court."[18]

To determine whether or not dismissal is appropriate, a court must weigh five factors: (1) the length of the delay caused by the plaintiff's failure; (2) whether the plaintiff was given notice that further delay would result in dismissal; (3) the degree of prejudice that would be suffered by the defendant by further delay; (4) the balance between alleviating court calendar congestion and the

---

[15] See Pl. Opp. at 3, 4.

[16] See 8/2/10 Letter from Plaintiff, enclosing CPL § 160.50 Release Form, Ex. A to Pl. Opp.

[17] Fed. R. Civ. P. 41(b).

[18] *Lucas v. Miles*, 84 F.3d 532, 534-35 (2d Cir. 1996) (quotation marks and citation omitted).

plaintiff's due process right to be heard; and (5) the efficacy of lesser sanctions.[19]

However, dismissal is a harsh remedy reserved only for extreme situations.[20] For example, one court dismissed plaintiffs' claims where plaintiffs "failed effectively to respond to the [defendant's] request for over seven months, despite an explicit warning that continued failure to do so could result in dismissal of their claims."[21] On the other hand, in the absence of a deliberate and willful pattern of intransigence, short delays of two or three months typically do not warrant dismissal.[22]

### B.  Rule 37(b)(2)

Federal Rule of Civil Procedure 37(b)(2) states, in relevant part, that "[i]f a party . . . fails to obey an order to provide or permit discovery, . . . the court . . . may issue further just orders," including "(iii) striking pleadings in whole or in

---

[19]  *See Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009) (citations omitted).

[20]  *See Lucas*, 84 F.3d at 535 (citation omitted).

[21]  *Hyer v. City of New York*, No. 05 Civ. 7728, 2006 WL 2053195, at *2 (S.D.N.Y. July 21, 2006).

[22]  *See, e.g., Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993) (finding that the district court abused its discretion by dismissing plaintiff's complaint under Rule 41(b) where "only three months had transpired without action on [plaintiff's] part"); *Harding v. Federal Reserve Bank of New York*, 707 F.2d 46, 50 (2d Cir. 1983) (finding that the district court abused its discretion by dismissing plaintiff's complaint under Rule 41(b) where there were only two unauthorized periods of delay totaling approximately two months).

part."[23] This rule grants a district court the "broad power to impose [] sanctions," including dismissal, "in response to abusive litigation practices."[24]

The purposes of disciplinary sanctions pursuant to Rule 37 are threefold. "First, they ensure that a party will not benefit from its own failure to comply. Second, they are specific deterrents and seek to obtain compliance with the particular order issued. Third, they are intended to serve a general deterrent effect on the case at hand and on other litigation . . . ."[25]

Courts weigh four factors in determining whether or not to dismiss an action under Rule 37: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance."[26]

---

[23] Fed. R. Civ. P. 37(b)(2).

[24] *Friends of Animals v. United States Surgical Corp.*, 131 F.3d 332, 334 (2d Cir. 1997).

[25] *Update Art, Inc., v. Modiin Publ'g, Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988).

[26] *Agiwal v. Mid Island Mortgage Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (quotation marks and citations omitted).

Similar to dismissal under Rule 41(b), "dismissal under Fed. R. Civ. P. 37 is a drastic remedy that should be imposed only in extreme circumstances,"[27] and only where there is "willfulness, bad faith, or reasonably serious fault."[28] For example, when a plaintiff ignores multiple orders that contain explicit warnings of possible dismissal, dismissal of the complaint is within the court's discretion.[29]

## IV. DISCUSSION

### A. Peterson's Pro Se Status

Peterson is a pro se litigant. Although this does not grant him *carte blanche* to ignore court orders as he pleases,[30] he must be afforded special leniency for procedural defects.[31] For example, "[a] warning to a pro se litigant must be [] specific before it will constitute a warning" for purposes of analyzing Rules 41(b)

---

[27] *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*, 845 F.2d 1172, 1176 (2d Cir. 1988) (quotation marks and citations omitted).

[28] *Commercial Cleaning Servs., L.L.C. v. Colin Serv. Sys., Inc.*, 271 F.3d 374, 386 (2d Cir. 2001) (citations omitted).

[29] *See, e.g., Reinhardt v. United States Postal Serv.*, 150 Fed. App'x 105, 107 (2d Cir. Oct. 13, 2005).

[30] *See, e.g., Livecchi v. United States HUD*, 153 Fed. App'x 16, 17 (2d Cir. Oct. 27, 2005) (finding no abuse of discretion in the district court's decision to dismiss *pro se* plaintiff's complaint under Rule 41(b)); *Reinhardt*, 150 Fed. App'x at 107 (finding no abuse of discretion in the district court's decision to dismiss *pro se* plaintiff's complaint under Rule 37(b)(2)).

[31] *See Spencer v. Doe*, 139 F.3d 107, 112-14 (2d Cir. 1998).

and 37(b)(2).[32] In general, "courts should be especially hesitant to dismiss for procedural deficiencies where . . . the failure is by a pro se litigant."[33]

### B. Rule 41(b)

Because none of the five Rule 41(b) factors favor defendants, dismissal is not warranted. *First*, the delay caused by Peterson's failure to timely execute the release is not, as defendants argue, "substantial."[34] Although the exact length of Peterson's delay is disputed, I conclude that it should be calculated from the court-ordered deadline (June 24, 2010) to the time Peterson sent defendants the executed, albeit inadequate, release (August 2, 2010).[35] This delay of approximately 40 days weighs against dismissal — even "[d]elays of *two or three months*" typically do not warrant dismissal.[36]

---

[32] *Lucas*, 84 F.3d at 535.

[33] *Id.* (citing *Minnette*, 997 F.2d at 1027).

[34] Def. Mem. at 5.

[35] Defendants argue that Peterson would have received the § 160.50 release on May 19, 2010 had he properly informed them of his address. While defendants are correct in asserting that it is Peterson's responsibility to update his address, *see* Defendants' Response to Plaintiff's Opposition ("Def. Resp.") at 2, this argument has no bearing on the length of the delay for purposes of this analysis.

[36] *Graham v. Sullivan*, No. 86 Civ. 163, 1999 WL 1006181, at *2 (S.D.N.Y. Nov. 5, 1999) (emphasis added, citations omitted).

*Second*, Peterson was not given notice that his failure to meet the deadline would result in dismissal. Although the July 17, 2010 memo endorsement states that "[n]o further extensions [would] be granted,"[37] this statement does not explicitly indicate that dismissal could result from a failure to meet the deadline. Regardless of whether or not Peterson actually received the memo endorsement, in light of his pro se status, this statement does not constitute an explicit warning that a failure to comply could result in dismissal.[38]

*Third*, defendants have not shown how they have been prejudiced by Peterson's delay. Although it is true that without the section 160.50 release, defendants were unable to respond to Peterson's Complaint, the delay in defendants' response did not result in a default — it merely temporarily stalled the progress of this litigation. Thus, it is unclear how Peterson's delay has prejudiced defendants by "forc[ing] [them] to answer his allegations without being able to review their own documents . . . ."[39]

*Fourth*, Peterson's delay did not significantly contribute to congestion of the Court's calendar. In the absence of significant congestion, the policy

---

[37] 6/16/10 Def. Let. at 1 (memo endorsement).

[38] *See Lucas*, 84 F.3d at 535.

[39] Def. Mem. at 5.

9

favoring the resolution of a case on its merits weighs against dismissal.

*Fifth*, and finally, no sanctions have yet been imposed, so the effectiveness of lesser sanctions cannot be evaluated. Defendants have also failed to suggest any lesser sanctions. In the absence of any such suggestion, I decline to impose any sanctions, including dismissal, on Peterson.[40]

### C. Rule 37(b)(2)

A weighing of the four factors governing Rule 37(b)(2) motions similarly reveals that none of them favor dismissal. *First*, it is unclear whether or not Peterson's noncompliance was willful. Peterson contends that he failed to timely return the section 160.50 release because he was unaware of the Court Order until after he had lost the copy sent to him by defendants.[41] Defendants assert that even assuming the unlikely scenario that Peterson was not on notice of the court-imposed deadline, he still had sufficient opportunity to complete the release between the date he actually received it (on or about June 21, 2010) and the date he claimed it was lost (July 2, 2010).[42]

---

[40] Though I do not impose any sanctions at this time, Peterson is well-advised to diligently process all paperwork related to his case in the future.

[41] Pl. Opp. at 3, 4.

[42] Def. Resp. at 4.

I need not decide which of these contentions to credit because the undisputed facts are sufficient. In light of Peterson's August 2, 2010 attempt to fully execute the release, there is no evidence that Peterson willfully failed to comply with this Court's directive.

The remaining factors have been discussed with regard to Rule 41(b). In sum, none of the four factors weigh in favor of dismissing Peterson's Complaint under Rule 37(b)(2).

## V.   CONCLUSION

For the reasons set forth above, defendants' motion to dismiss is hereby denied. The Clerk of the Court is directed to close this motion (docket no. 8). A conference is scheduled for Thursday, October 14, 2010, at 4:30 PM.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         September 30, 2010

11

## -Appearances-

**Plaintiff (Pro Se):**

Alvin Peterson
#01-A-1554
Five Points Correctional Facility
State Route 96, P.O. Box 119
Romulus, New York 14541

**For Defendants:**

Richard G. Shaffer
Assistant Corporation Counsel
The City of New York Law Department
100 Church Street
New York, New York 10007
(212) 788-1298